UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| NETWORK ELECTRIC COMPANY, a Delaware Corporation d/b/a PAR ELECTERICAL CONTRACTORS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>NETWORK INVESTMENTS, LLC, a Nevada Limited Liability Company, RANDALL E. SOULE, as President; NORMAN CRAIG BREEDLOVE, an individual, and DOES I-X,<br><br>Defendants. | 03:05-CV-0437-LRH (VPC)<br><br>ORDER |

Presently before this Court is a motion to dismiss (#6[1]) brought by Defendant Norman Breedlove. Plaintiff Network Electric Company has filed an opposition (#22) to which Defendant has replied. (#26).

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying case arises out of a contract between Plaintiff and co-defendants Network Investments and Randall Soule (collectively "Co-Defendants"). Plaintiff and Co-Defendants entered into a rental agreement whereby Plaintiff would pay $20,000 per month to Co-Defendants for commercial space in Co-Defendants' building. The contract stated the commercial space would consist of approximately 37,000 square feet of office and shop space. The actual space provided is alleged to be approximately 23,000 square feet. Plaintiff's current

---

[1] References to (# XX) refer to the Court's docket.

suit seeks damages for fraud, negligent misrepresentation and innocent misrepresentation[2] from Co-Defendants.

Defendant purchased the building in which Plaintiff rents commercial space from Co-Defendants well after the original contract was signed. Plaintiff admits that Defendant made no statements to Plaintiff concerning the size of the commercial space rented. In fact, Defendant was not a party, nor was he involved, in the negotiations which led to the formation of the rental contract. However, Defendant is being sued for fraud, negligent misrepresentation, innocent misrepresentation, and successor liability.

Defendant has moved to dismiss all claims brought against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support her pleadings. *See, e.g., In re Glen Fed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994). Therefore, for the purpose of the motion, the Court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986) (citing *North Star International v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983)). Dismissal is warranted only if it appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *See id*. If, on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56" after a reasonable opportunity is given for all parties to present material pertinent to a motion for summary judgment. Fed.R.Civ.P. 12(b).

///

---

[2] The claim for innocent misrepresentation was voluntarily dismissed by Plaintiff in the concurrently filed order. Thus, although noted in this order, the claim will not be discussed in depth.

**DISCUSSION**

As a preliminary note, Plaintiff, in his opposition, insisted that the pending motion to dismiss must be treated as a motion for summary judgment because Defendant referenced materials outside of the record. *See* Fed. R. Civ. P. 12(b).  Such a decision is not within the Plaintiff's authority, as it is the Court that determines whether such materials shall be considered and whether to convert the motion to dismiss into a motion for summary judgment, allow time for proper discovery if necessary, and proceed accordingly.  The Court has reviewed the documents referenced by both sides and expressly excludes them from consideration.  Discovery has not progressed to the point where consideration of materials outside the record would be appropriate.  Furthermore, the majority of the issues in the motion to dismiss can be decided at this time without reference to any materials outside the pleadings.  Thus, the Court will proceed treating the present motion as what it is, a motion to dismiss the claims of fraud, negligent misrepresentation and successor liability.

The torts of fraud and negligent misrepresentation are clearly defined under Nevada law. Fraud requires: (1) a false representation made by the defendant; (2) that the defendant's knowledge or belief that the representation was false or that the defendant has an insufficient basis of information for making the representation; (3) that the defendant intended to induce the action or a refrain from action based upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 446-47 (1998).  Negligent misrepresentation is defined under Nevada law by the Restatement Second of Torts: "One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability . . . if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Id.* at 449.

The common thread of both of these torts is that some information is passed between the defendant and another party upon which the plaintiff reasonably relies to his detriment.  Plaintiff, in this matter, is not suing Defendant for any statement he made upon which Plaintiff relied.  In fact, Defendant was neither present for, nor a party to, the allegedly fraudulent statements upon

1  which Plaintiff relied.  Thus, as a matter of law, Plaintiff can have no direct action against
2  Defendant for the statement that the commercial space leased would equal approximately 37,000
3  square feet.  Therefore, the first and second causes of action, for fraud and negligent
4  misrepresentation, are dismissed as to Defendant Breedlove.
5      Plaintiff has also sued Defendant under a theory of successor liability.  While Plaintiff has
6  attempted to justify such a claim on both corporate law[3] and real property[4] grounds, neither
7  ground would work to create liability in Defendant for fraud or negligent misrepresentation.
8      However, the Court cannot dismiss the claim at this stage.  Plaintiff has pled in the
9  complaint that Defendant "purchased the property . . . and assumed all the assets, debts and
10 liabilities of its predecessor with regard to the Property."  Compl. at 7.  The Court has excluded
11 references to matters outside of the record at this time.  As such, a set of facts can be imagined
12 whereby Defendant expressly assumed liability for any torts committed in the management of the
13 commercial properties by Co-Defendants.  Should Plaintiff prove such a set of facts through
14 competent evidence, Plaintiff may be able to recover from Defendant for the alleged fraud or
15 negligent representation under contract law.
16 ///
17 ///
18 ///
19

---

[3] Both parties have referred to the doctrine of successor liability enunciated in *Lamb v. Leroy Corp.*, 85 Nev. 276, 279 (1969), in their arguments.  The Court notes that the *Lamb* doctrine applies only when one corporation sells all of its assets to another corporation.  Such is not the situation in the present case, and the Court is unwilling to stretch an unrelated legal concept to reach the present situation.

[4] Plaintiff has argued that the provision of the original rental agreement awarding 37,000 square feet of commercial space to Plaintiff for $20,000 per month is a covenant running with the land, binding on Defendant.  Even assuming the truth of this argument, such a covenant would not save Plaintiff's claim in this instance.  Plaintiff is not suing on the contract itself, but rather on alleged misrepresentations made in the negotiations of that contract.  Suing on any covenants running with the land would require suit for breach of the rental agreement, a simple contract action, not fraud or negligent misrepresentation.

**CONCLUSION**

It is therefore ORDERED that the Defendants' Motion to Dismiss (#6) is GRANTED in part and DENIED in part as discussed above.

DATED this 29th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge